Matter of Town of Ogden v LaVilla (2020 NY Slip Op 04032)





Matter of Town of Ogden v LaVilla


2020 NY Slip Op 04032


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


492 CA 19-02157

[*1]IN THE MATTER OF TOWN OF OGDEN, PETITIONER-RESPONDENT,
v
LOUIS LAVILLA, RESPONDENT-APPELLANT. 






THE LAW OFFICES OF MATTHEW ALBERT, ESQ., BUFFALO (MATTHEW ALBERT OF COUNSEL), FOR RESPONDENT-APPELLANT. 
DANIEL G. SCHUM, TOWN ATTORNEY, SPENCERPORT, FOR PETITIONER-RESPONDENT.


 Appeal from an order of the Monroe County Court (Sam L. Valleriani, J.), entered May 17, 2019. The order affirmed an order of the Justice Court of the Town of Ogden (Michael Schiano, J.) entered November 30, 2018, which determined that respondent's dog is a dangerous dog and directed that the dog be euthanized. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part affirming the order of the Justice Court of the Town of Ogden insofar as it directed that respondent's dog be euthanized, and the matter is remitted to the Justice Court of the Town of Ogden for further proceedings in accordance with the following memorandum: On appeal from an order of County Court that affirmed an order of Justice Court (court) directing, among other things, euthanasia of respondent's dog Brady, respondent contends that the court misapprehended and misapplied Agriculture and Markets Law § 123. We agree.
A "dangerous dog," insofar as is relevant here, is one that "without justification attacks a person . . . and causes physical injury" (Agriculture and Markets Law § 108 [24] [a] [i]), i.e., "impairment of physical condition or substantial pain" (§ 108 [28]). The burden of proof is on the petitioner, who must prove by clear and convincing evidence that the dog meets the criteria of a dangerous dog (see § 123 [2]). If, after a hearing, the court is satisfied that the petitioner has met that burden, the court must order spaying or neutering, microchipping, and at least one of several enumerated options "as deemed appropriate under the circumstances and . . . necessary for the protection of the public" (id.). Those options are the evaluation of the dog by a board certified veterinary behaviorist and completion of training as recommended by that expert, humane confinement, leashing, muzzling, and maintenance of an insurance policy (see § 123 [2] [a]-[e]; People v Jornov, 65 AD3d 363, 366-367 [4th Dept 2009]).
"The court lacks the power to order the most drastic measure, i.e., euthanasia, unless the petitioner establishes the existence of one of the aggravating circumstances enumerated in the statute" (Matter of Workman v Dumouchel, 175 AD3d 895, 900 [4th Dept 2019, Troutman, J., dissenting]; see Agriculture and Markets Law § 123 [3]). Such circumstances include where the dog, without justification, attacked a person, causing serious physical injury (see § 123 [3] [a]), i.e., "physical injury which creates a substantial risk of death, or which causes death or serious or protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (§ 108 [29]). As relevant to this case, "disfigurement" is "that which impairs or injures the beauty, symmetry or appearance of a person or thing; that which renders unsightly, misshapen or imperfect or deforms in some manner" (People v McKinnon, 15 NY3d 311, 315 [2010] [internal quotation marks omitted]). "A protracted' disfigurement is one that is prolonged in duration" (Workman, 175 AD3d at 900-901), and "[a] person is seriously' disfigured when a reasonable observer would find [his or] her altered appearance distressing or [*2]objectionable" (McKinnon, 15 NY3d at 315). The nature of the injury is relevant, but "the injury must be viewed in context, considering its location on the body and any relevant aspects of the victim's overall physical appearance" (id.). Emotional trauma is not a factor in determining whether the victim has been disfigured (see id. at 316-317).
Even if the petitioner establishes the existence of an aggravating circumstance, euthanasia is not required (see Agriculture and Markets Law § 123 [3]). The Agriculture and Markets Law provides that the municipal court "may order humane euthanasia or permanent confinement of the dog if one of the . . . aggravating circumstances is established at the judicial hearing" (id. [emphasis added]). The language is permissive, not mandatory. Thus, even if an aggravating circumstance is established, the municipal court may direct appropriate measures—such as spaying, neutering, microchipping, or training as recommended by a veterinary expert—if the court deems such measures necessary and adequate for the protection of the public (see § 123 [2], [3]).
Here, the court repeatedly misstated the applicable law. Before the hearing commenced, the court stated that, if it determined Brady was a dangerous dog, the court had only "two options"— euthanasia or permanent confinement. After the hearing, before delivering its decision from the bench, the court stated that it "can" order euthanasia "upon a finding the dog is dangerous." Those statements are subtly different, and both are in error. As discussed above, mere dangerousness does not empower the court to order euthanasia or permanent confinement, which may be imposed only upon the establishment of an aggravating circumstance. Even where an aggravating circumstance is established, euthanasia and permanent confinement are not the court's only options (see Agriculture and Markets Law § 123 [2], [3]). As a result of its mistaken understanding of the applicable law, the court ordered euthanasia without determining whether petitioner had established the existence of an aggravating circumstance and without considering other available relief.
We therefore modify County Court's order by vacating that part affirming the order of the Justice Court insofar as it directed that respondent's dog be euthanized, and we remit the matter to the Justice Court for a determination whether petitioner established the existence of an aggravating circumstance and for the imposition of remedial measures as permitted by statute and "as deemed appropriate under the circumstances" (Agriculture and Markets Law § 123 [2]).
Respondent's remaining contentions do not warrant reversal or further modification of County Court's order. Specifically, we conclude that respondent received proper notice of the proceeding (see Agriculture and Markets Law § 123 [2]) and that the court's determination is not against the weight of the evidence with respect to whether the dog bite constituted an attack (see generally Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], rearg denied 81 NY2d 835 [1993]).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court